O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MICHAEL WARE BOWERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. ED CV 14-142 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Joseph Michael Ware Bowers ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Three issues are presented for decision here:

　　1.　　Whether the Administrative Law Judge ("ALJ") properly determined Plaintiff's residual functional capacity ("RFC"), (*see* Joint Stip. at 4-7);

　　2.　　Whether the ALJ properly evaluated Plaintiff's credibility, (*see id.* at 13-16); and

　　3.　　Whether the ALJ properly evaluated the lay witness testimony, (*see id.* at 13-16).

　　The Court addresses, and rejects, Plaintiff's contentions below.

      A.    <u>The ALJ Properly Determined Plaintiff's RFC</u>

First, Plaintiff argues that the ALJ erred in determining his RFC. (*See id.* at 4-7.) Specifically, the ALJ improperly rejected the opinions of Plaintiff's examining physicians, Drs. Warren Yu and Ernest Bagner. (*Id.*)

An ALJ may reject the controverted opinion of an examining physician only for "specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996)).

      1.    <u>Dr. Yu</u>

First, Plaintiff argues that the ALJ improperly rejected Dr. Yu's opinion. (*See* Joint. Stip. at 5.) But the ALJ did *not* reject Dr. Yu's opinion. To the contrary, the ALJ incorporated Dr. Yu's lifting and carrying restrictions into Plaintiff's RFC. (*See* Administrative Record ("AR") at 15.) Specifically, Dr. Yu opined that Plaintiff was limited to "occasional lifting of 20 pounds." (*Id.* at 294.) Dr. Yu did not, however, express any opinion as to Plaintiff's ability to lift or carry *less* than 20 pounds. (*See id.*) Thus, in finding that Plaintiff can lift 20 pounds occasionally and 10 pounds frequently, the ALJ reasonably interpreted, and incorporated Dr. Yu's findings. (*See id.* at 15); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").

Notably, Plaintiff does not point to a single medical record that supports greater restrictions than those contained in his RFC. (*See generally* Joint Stip.) Indeed, the only other physician to address Plaintiff's lifting and carrying abilities concluded, like the ALJ, that Plaintiff could "[o]ccasionally lift and/or carry . . . 20 pounds" and "[f]requently lift and/or carry 10 pounds." Thus, Plaintiff's argument regarding Dr. Yu's opinion lacks merit.

      2.    <u>Dr. Bagner</u>

Next, Plaintiff contends that the ALJ improperly rejected Dr. Bagner's

2

1 opinion. (*See* Joint Stip. at 6.) This argument fails for two reasons.

2 First, the ALJ properly rejected Dr. Bagner's opinion as internally inconsistent. (AR at 13.) In particular, Dr. Bagner's findings that Plaintiff has "mild to moderate limitations interacting with supervisors, peers, and public, handing normal stresses at work, and completing a normal workweek without interruption" are belied by Plaintiff's mild Global Assessment of Functioning ("GAF") score. (*Id.*) Indeed, Dr. Bagner assigned Plaintiff a GAF score of 64, indicating that Plaintiff has only "mild symptoms" and "generally function[s] pretty well." (*Id.* at 299); *see* Diagnostic and Statistical Manual of Mental Disorders (revised 4th ed. 2000) at 34.

Second, in rejecting Dr. Bagner's opinion, the ALJ properly relied on State agency consultants, Drs. Dan Funkenstein and R.E. Brooks. (*See* AR at 13-14); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.") Indeed, Dr. Funkenstein's and Dr. Brook's opinions that Plaintiff's mental impairment is nonsevere is supported by objective clinical findings. Specifically, Plaintiff's psychiatric evaluations were largely "within normal range" (AR at 298.) Plaintiff had "intact and coherent" speech, average intelligence, normal contact with reality, and no evidence of psychosis or loosened associations. (*Id.*) Further, Plaintiff had normal orientation and no evidence of harmful ideation in November 2010, March 2011, and April 2011. (*Id.* at 274, 385, 391.) As such, the ALJ properly rejected the opinion of Dr. Bagner.

For the above reasons, the ALJ properly evaluated the opinions of Plaintiff's examining physicians, and in turn, properly determined Plaintiff's RFC.

### B. The ALJ Properly Rejected Plaintiff's Credibility

Plaintiff also insists that the ALJ improperly evaluated his credibility. (*See* Joint Stip. at 13-16.)

1    An ALJ can reject a claimant's subjective complaints by expressing clear and
2 convincing reasons for doing so. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030,
3 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must
4 identify what testimony is not credible and what evidence undermines the claimant's
5 complaints." *Lester*, 81 F.3d at 834 (citations omitted).

6    Here, the ALJ properly discounted Plaintiff's credibility. Four reasons guide
7 this determination.

8    First, the ALJ determined that Plaintiff's daily activities are inconsistent with
9 his allegation of complete disability. (*See* AR at 16-17); *Molina v. Astrue*, 674 F.3d
10 1104, 1113 (9th Cir. 2012) (An "ALJ may discredit a claimant's testimony when the
11 claimant reports participation in everyday activities indicating capacities that are
12 transferable to a work setting.") (citations omitted). In this case, Plaintiff admitted
13 to daily activities including household chores, running errands, cooking, washing
14 and bathing himself, and feeding a pet dog. (*See* AR at 13, 27-33.) Additionally,
15 Plaintiff builds websites, beta-tests computer games, and uses Facebook. (*Id.*) Such
16 activities undermine Plaintiff's allegation of total disability.

17    Second, the ALJ properly relied upon Plaintiff's conservative treatment
18 record. (*See id.* at 17-18); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)
19 (conservative treatment can discount the severity of symptoms). Indeed, Plaintiff
20 treated his musculoskeletal and respiratory complaint with pain medication and a
21 nebulizer. (AR at 14-16, 201, 209.) Moreover, Plaintiff never sought treatment for
22 his alleged incontinence. (*Id.* at 15); *see Fair*, 885 F.2d at 603 (Failure to seek
23 treatment or follow a prescribed course of treatment can cast doubt on the sincerity
24 of a claimant's pain testimony.).

25    Third, the ALJ considered the apparent effectiveness of Plaintiff's treatment
26 regimen. (AR at 15); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001,
27 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with
28 medication are not disabling for the purpose of determining eligibility for SSI

benefits."). For example, the ALJ observed that Plaintiff had only occasional exacerbations of his respiratory symptoms and was able to tolerate allergens such as animal dander in his home environment. (AR at 15, 180-81.)

Fourth, the ALJ appropriately referenced inconsistencies in Plaintiff's treatment history. (*Id.* at 14); *see Molina*, 674 F.3d at 1112 (An "ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct" when assessing credibility.). For example, the ALJ noted that the evidence of record failed to corroborate Plaintiff's assertion that he required "countless" visits to the emergency room to treat exacerbations of his asthma. (AR at 15, 196.)

Thus, the ALJ properly rejected Plaintiff's credibility.

C.   The ALJ Properly Considered the Lay Witness Testimony

Finally, Plaintiff argues that the ALJ improperly rejected the testimony of his mother, Sharon Bowers, and grandmother, Eleanor Strait. (*See* Joint Stip. at 13-16.)

The ALJ may only discount the testimony of lay witnesses if he provides specific "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

1.   Ms. Bowers

The ALJ properly rejected Ms. Bowers testimony because it echoes Plaintiff's properly rejected subjective complaints. (*See* AR at 13; *compare id.* at 24-42 *with id.* at 42-45); *see Molina*, 674 F.3d at 1122 ("[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness."); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [claimant's] own subjective

complaints, and because [layperson's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.").

### 2. Ms. Strait

Likewise, the ALJ reasonably discredited Ms. Strait's statements due to a lack of objective medical evidence. (AR at 16 (rejecting Ms. Strait's statements because "the allegedly frequent emergency room visits for [Plaintiff's] asthma and respiratory infections are not corroborated").) "One [germane] reason for which an ALJ may discount lay witness testimony is that it conflicts with medical evidence." *Lewis*, 236 F.3d at 511.

Accordingly, the ALJ properly rejected the lay witness testimony.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: October 31, 2014

_____

Hon. Jay C. Gandhi
United States Magistrate Judge